1

2

3

4

5

6

7                      **UNITED STATES DISTRICT COURT**

8                          **DISTRICT OF NEVADA**

9

10   JOYCE A. SCHWEI, on behalf of THOMAS      )
     SCHWEI,                                   )      Case No. 2:15-cv-01086-JCM-NJK
                                               )
11              Plaintiff(s),                  )
                                               )      REPORT AND RECOMMENDATION
12   vs.                                       )
                                               )      (Docket Nos. 17, 19)
13   CAROLYN W. COLVIN, Acting                 )
     Commissioner of Social Security,          )
14                                             )
                Defendant(s).                  )
15   _____  )

16          This case involves judicial review of administrative action by the Commissioner of Social

17   Security ("Commissioner") denying Thomas Schwei's application for a period of disability, disability

18   insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security

19   Act, 42 U.S.C. Ch. 7.  Mr. Schwei passed away after filing his applications, and his wife substituted into

20   the case on his behalf and now appears as Plaintiff.  Currently pending before the Court is Plaintiff's

21   Motion for Reversal and/or Remand.  Docket No. 17.  The Commissioner filed a response in opposition

22   and a Cross-Motion to Affirm.  Docket Nos. 18, 19.  This action was referred to the undersigned

23   magistrate judge for a report of findings and recommendation pursuant to 28 U.S.C. 636(b)(1)(B) and

24   Local Rule IB 1-4.

25   **I.      STANDARDS**

26          A.      <u>Judicial Standard of Review</u>

27          The Court's review of administrative decisions in social security disability benefits cases is

28   governed by 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section

405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2003). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.      Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20

3

C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW").  20 C.F.R. §§ 404.1520(f), 416.920(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.  If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g).  If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.    BACKGROUND**

   A.    Procedural History

On February 14, 2012 and March 16, 2012, Mr. Schwei filed applications for a period of disability and disability insurance benefits and supplemental security income alleging that he became disabled on August 15, 2007.  *See, e.g.*, Administrative Record ("A.R.") 216-227.  His claims were denied initially on July 3, 2012, and upon reconsideration on November 19, 2012. A.R. 159-66, 171-76. On November 28, 2012, Mr. Schwei filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 177-78.  On May 4, 2013, Mr. Schwei passed away. A.R. 241.  On May 13, 2013, Mrs. Schwei substituted into the case in his place.  A.R. 43.  On June 4, 2013, Mrs. Schwei, her representative, and a vocational expert appeared for a hearing before ALJ Craig Ellis. *See* A.R. 44-62. On August 12, 2013, the ALJ issued an unfavorable decision finding that Mr. Schwei had not been under

1   a disability, as defined by the Social Security Act, from August 15, 2007, through the date of his death.

2   A.R. 21-41.  The ALJ's decision became the final decision of the Commissioner when the Appeals

3   Council denied Plaintiff's request for review on April 15, 2015.  A.R. 1-6.

4          On June 8, 2015, Mrs. Schwei commenced this action as Plaintiff seeking judicial review

5   pursuant to 42 U.S.C. § 405(g).  *See* Docket No. 1-1 (complaint).  Plaintiff filed an application for leave

6   to appear *in forma pauperis*, which the Court granted.  Docket No. 2.  The Court dismissed Plaintiff's

7   complaint with leave to amend pursuant to 28 U.S.C. § 1915(e).  *Id.*  Plaintiff then filed an amended

8   complaint, Docket No. 4, which the Court found sufficient for screening purposes, *see* Docket No. 5.

9          B.     The ALJ Decision

10         The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520

11  and 416.920, and issued an unfavorable decision on August 12, 2013.  A.R. 21-41.  At step one, the ALJ

12  found that Mr. Schwei met the insured status requirements of the Social Security Act through December

13  31, 2010 and had not engaged in substantial gainful activity since August 15, 2007.  A.R. 26.  At step

14  two, the ALJ found that Mr. Schwei had the following severe impairments: hepatitis C antibody positive;

15  history of hepatitis A and B; history of back pain; chronic obstructive pulmonary disorder; mild

16  congestive heart failure; and manic depression.  A.R. 26-27.  At step three, the ALJ found that Mr.

17  Schwei did not have an impairment or combination of impairments that meet or medically equal one of

18  the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  A.R. 27-29.

19         The ALJ found that Mr. Schwei had the residual functional capacity to perform the full range of

20  light work as defined by 20 C.F.R. 404.1567(b) and 416.967(b), except that he had to avoid exposure

21  to environmental pollutants and was limited to unskilled work, defined as jobs with the specified

22  vocational preparation (SVP) code 1 and 2.  A.R. 30-35.  At step four, the ALJ found that Mr. Schwei

23  had been unable to perform his past relevant work based on the vocational expert's testimony.  A.R. 34.

24  At step five, the ALJ found that jobs exist in significant numbers in the national economy that Mr.

25  Schwei could have performed based on his age, education, work experience, and residual functional

26  capacity.  A.R. 34-35.  In doing so, the ALJ defined Mr. Schwei as a younger individual aged 18-49 on

27  the alleged onset date who subsequently changed age category to closely approaching advanced age, with

28  a G.E.D., able to communicate in English, and found that the transferability of job skills is not material

1  to the determination of disability.  A.R. 34-35.  The ALJ considered Medical Vocational Rules 202.21

2  and 202.14, which provide a framework for finding Mr. Schwei not disabled, and found that there were

3  jobs that existed in significant numbers in the national economy that Mr. Schwei was able to perform.

4  A.R. 35.  Based on all of these findings, the ALJ found Mr. Schwei had not been disabled from August

5  15, 2007 through the date of his death, May 4, 2013, and denied the applications for a period of disability

6  and disability insurance benefits and supplemental security income.  *See* A.R. 36.

7  **III.    ANALYSIS AND FINDINGS**

8       Mrs. Schwei seeks reversal and/or remand of the ALJ's decision on the ground that the ALJ

9  failed to properly evaluate Mr. Schwei's symptoms in the credibility assessment.  The ALJ is required

10  to engage in a two-step analysis to evaluate credibility: (1) determine whether the individual presented

11  objective medical evidence of an impairment that could reasonably be expected to produce some degree

12  of pain or other symptoms alleged; and, (2) if the individual has satisfied the first step of the test with

13  no evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the

14  symptoms by giving specific, clear, and convincing reasons for the rejection.  *See Vasquez v. Astrue*, 572

15  F.3d 586, 591 (9th Cir. 2009).  To support a finding of less than fully credible, the ALJ is required to

16  point to specific facts in the record that demonstrate that the individual's symptoms are less severe than

17  he claims.  *See id.* at 592.  "Factors that an ALJ may consider in weighing a claimant's credibility

18  include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily

19  activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed

20  course of treatment."  *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and

21  citations omitted).

22       In this instance, the ALJ found Mr. Schwei's allegations of debilitating symptoms not credible

23  because, *inter alia*, (1) his medications and treatment controlled his symptoms, (2) the allegations of

24  disability were inconsistent with Mr. Schwei's daily activities, and (3) there was a lack of medical

25  evidence supporting the allegations of disability.  The ALJ did not err in making an adverse credibility

26  finding based on these considerations.

27       The ALJ based his adverse credibility determination on the fact that Mr. Schwei's symptoms

28  were controlled when he adhered to his regimen of medication and treatment.  A.R. 31.  The record

1    supports that finding. *See, e.g.*, A.R. 860, 863, 886. Moreover, it is proper for an ALJ to consider the

2    effectiveness of treatment to control the pertinent symptoms in making a credibility determination. *See,*

3    *e.g.*, *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can

4    be controlled effectively with medication are not disabling for the purpose of determining eligibility for

5    SSI benefits").

6        The ALJ also based the adverse credibility finding on the inconsistency between the allegations

7    of disabling limitations and Mr. Schwei's daily activities. A.R. 34. The record supports that finding,

8    including evidence that Mr. Schwei was engaging in several different jobs that required interaction with

9    other people. *See, e.g.*, A.R. 428, 434, 436, 863. Moreover, it is proper for an ALJ to consider the

10    claimant's daily activities in making the credibility determination. *See, e.g.*, *Bray*, 554 F.3d at 1227.

11        The ALJ further based the adverse credibility finding on the lack of medical evidence supporting

12    the alleged limitations. A.R. 33. Mrs. Schwei does not challenge on appeal that such evidence is

13    lacking. Moreover, it is proper for an ALJ to consider the lack of medical evidence as part of his

14    consideration of the entire body of evidence in making the credibility determination. *See Burch*, 400

15    F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain

16    testimony, it is a factor that the ALJ can consider in his credibility analysis").

17        In short, despite Plaintiff's allegations to the contrary, the ALJ provided clear and convincing

18    evidence in making an adverse credibility determination. The Court finds that, while Mrs. Schwei may

19    not agree with the ALJ's interpretation of the record, the facts relied upon by the ALJ are supported by

20    the record. Moreover, Ninth Circuit authority confirms that the facts considered by the ALJ were proper

21    and that the ALJ could make an adverse credibility determination based on those factors taken

22    collectively. As a result, the Court finds that the ALJ's credibility finding is supported by substantial

23    evidence and free of legal error.

24    **IV.**    **CONCLUSION**

25        Judicial review of the Commissioner's decision to deny disability benefits is limited to

26    determining whether the decision is free from legal error and supported by substantial evidence. It is

27    the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and

28    resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative

Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 17) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 19) be **GRANTED**.

IT IS SO ORDERED.

DATED:   April 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

## **NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).